UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:12-CV-299-FDW

| | |
|---|---|
| LINDA PRESNELL, </br></br> Plaintiff, </br></br> vs. </br></br> CAROLYN COLVIN, </br>Commissioner of Social Security, </br></br> Defendant.[1] | ) </br> ) </br> ) </br> ) </br> )     ORDER </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

THIS MATTER is before the Court on Linda Presnell's Motion for Judgment on the Pleadings (Doc. No. 11) and Memorandum in Support of Motion for Judgment on the Pleadings (Doc. No. 12), both filed February 27, 2013; and Defendant's Motion for Summary Judgment (Doc. No. 13) and Memorandum in Support of Summary Judgment (Doc. No. 14), both filed April 26, 2013.

For the reasons set forth, Plaintiffs motion for judgment on the Pleadings is DENIED and Defendant's motion for summary judgment is GRANTED. Accordingly, the Administrative Law Judge's ("ALJ") decision is AFFIRMED.

## I. FACTUAL AND PROCEDURAL HISTORY

On January 13, 2009, Plaintiff filed an application for Title II Disability Insurance benefits and Title XVI Supplemental Security Income, (Doc. No. 7-3, p. 26), alleging inability to work due to a disabling condition beginning August 21, 2008. Defendant denied Plaintiff's application initially on May 8, 2009, and again after reconsideration on November 16, 2009.

---

[1] Carolyn Colvin became acting Commissioner of Social Security on February 14, 2013.

(Doc. No. 7-3, p. 26).

Plaintiff subsequently requested a hearing before ALJ Wendell L. Sims, held on August 17, 2010. (Doc. No. 7-3, p. 57-77). On March 8, 2011, Plaintiff appeared and testified at a supplemental hearing. (Doc. No. 7-3, pp. 43-55).

On March 28, 2011, Administrative Law Judge John L. McFayden issued a decision denying Plaintiff's claim. (Doc. No. 7-3, p. 23). Specifically, the ALJ found that the petitioner met the insured status requirements of the Social Security Act, and has not engaged in substantial gainful activity since August 21, 2008, the alleged onset date. (Doc. No. 7-3, p. 28). The ALJ also found that Plaintiff suffered from osteoarthritis, degenerative disc disease, fibromyalgia and asthma (Doc. 7-3, p. 29), which were severe impairments within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[2] to perform a range of light work. Specifically, the ALJ found that Plaintiff could: "Lift 35 pounds occasionally and 15 pounds frequently. She should work in a clean, but not sterile environment that requires no kneeling or crouching." (Doc. No. 7-3, p. 31).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but that the persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with Plaintiff's RFC. These symptoms would not preclude light work as described in the assessed RFC. Based upon the RFC, the ALJ then found that Plaintiff could not perform her past relevant work as a box

---

[2] Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

maker, packing inspector, and hand packer. (Doc. No. 7-3, p. 36).

The ALJ then properly shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical that factored in the above limitations, the Vocational Expert ("V.E.") identified representative light jobs (office clerk, cashier, and fast food worker) that Plaintiff could perform. (Doc. No. 7-3, p. 36). The ALJ found Plaintiff capable of performing jobs existing in significant numbers in the national economy and concluded that she was not disabled during the relevant period. (Doc. No. 7-3, p. 37).

Plaintiff filed a Request for Review by the Appeals Council. By notice dated July 23, 2012, the Appeals Council denied Plaintiff's request for further administrative review. (Doc. No. 7-3, p. 2).

Plaintiff filed the present action on September 24, 2012. Plaintiff assigns error to the ALJ's finding that her depression and post-traumatic stress disorder ("PTSD") were non-severe impairments and claims the ALJ erred by not considering their effects in the RFC. Plaintiff also argues that the ALJ improperly evaluated expert medical opinions in violation of 20 CFR §404.1527, and that the ALJ's credibility assessment is not supported by substantial evidence. See Plaintiff's Memorandum in Support of Motion for Judgment on the Pleadings (Doc. No. 12, pp. 12-17). The parties' cross motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. §§405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether

the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome − so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. ANALYSIS

**1. Whether the ALJ erred by finding that Plaintiff's depression and PTSD were non-severe impairments and by not considering their effects in the RFC.**

The question before the ALJ was whether Plaintiff became "disabled" at any time, as defined for Social Security purposes, before the expiration of her insured status between August 1, 2008 and the date of this decision.[3] To establish entitlement to benefits, Plaintiff has the burden of proving disability. Plaintiff argues that the ALJ erred in assessing her RFC. To the contrary, the ALJ's RFC determination is adequately supported by substantial evidence including Plaintiff's medical records and treatment history, as well as the opinions of the state agency reviewing physicians.

Dr. Thomas E. Schacht, a licensed clinical psychologist, evaluated Plaintiff and found some inconsistency between objective medical indicators relevant to Plaintiff and the reports of Plaintiff's testifying medical experts. Dr. Schacht opined that Plaintiff's impairment suggested, "some limitations in the area of stress and some inconsistency in the area of attention and concentration." (Doc. No. 7-3, pp. 29 - 30). The ALJ noted that Dr. Karen Marcus' and Marnie Walters' opinions concerning Plaintiff's limitations on stress sensitivity and concentration were based on Plaintiff's self-reports. (Doc. No. 7-3, pp. 35). Objective evidence, including Plaintiff's active social life, lack of clinical evidence, and normal cognitive exam results, led the ALJ to conclude that Plaintiff's mental impairments did not cause significant limitations on her ability to perform basic work activities. (Doc. No. 7-3, pp. 31-35). The ALJ is entitled to rely on the

---

[3] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

opinions of those doctors insofar as they considered all the relevant evidence. See Lusk v. Astrue, No. 11-196, 2013 WL 498797, at *4 (W.D.N.C. Feb. 11, 2013) (expert opinions of agency reviewing doctors may amount to substantial evidence where they represent a reasonable reading of the relevant medical evidence) (citing 20 C.F.R. §§ 404.1527(c), (e); 416.927(c), (e)); see also Stanley v. Barnhart, 116 Fed. App'x 427, 429 (4th Cir. 2004); Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984)).

Plaintiff argues that the ALJ was not permitted to discount Dr. Kristin Gowin and Ms. Walter's opinions because they were based on subjective complaints. (Doc. No. 12, pp. 12-13). A treating physician's opinion on the nature and severity of the alleged impairment is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2) (2002); Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Therefore, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro, 270 F.3d. at 178 (citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996)).

Plaintiff relies on the opinion of Ms. Walters, a licensed social worker to support her claim of mental disability. (Doc. No. 12, p. 8). "Licensed clinical social workers are medical sources who do not fall within the commissioner's list of acceptable medical sources." Powell v. Astrue, 2013 WL 687075 at 6 n.3 (W.D.N.C. Feb. 26, 2013). The ALJ gave Walter's opinion little deference in his evaluation. Her opinion, based as it was on little objective supporting evidence beyond Plaintiff's comments, was given a proper amount of deference by the ALJ.

6

Plaintiff urges the court to follow Flanery v. Chater, 112 F.3d 346 (8th Cir. 1997), to conclude that an expert opinion based on subjective complaints should be given deference by the court. Plaintiff's reliance on this Eighth Circuit decision is misplaced. The Flanery court was concerned with disability due to seizures, not psychological symptoms. These seizures were objectively witnessed by multiple individuals and the claimant's testimony was supported by EEG readings. Furthermore, the Flanery court considered subjective complaints to be "an essential diagnostic tool," not proof of a functional limitation. Id. at 350.

Plaintiff also urges the court to adopt the decision in Schuelke v. Comm'r of Soc. Sec., 2012 WL 1657530 (W.D. Pa. May 10, 2012) to conclude that the ALJ was wrong to discount the opinions of treating physicians in a mental health determination. Schuelke is inapplicable to this case, as the ALJ in that case discounted a large body of clinical evidence, including the opinions of several psychiatrists who had treated the claimant for years. In this case, the ALJ gave less deference to the opinion of Dr. Marcus than he did to independent objective evidence and to the opinion of Dr. Schacht, as Dr. Marcus made his determination based on a single consultative exam and the subjective complaints of Plaintiff. The Fourth Circuit has held that an ALJ may give little weight to a medical opinion based solely on subjective complaints. Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005). Dr. Schacht noted that Dr. Marcus' opinion regarding Plaintiffs stress limitation stemmed entirely from Plaintiff's subjective complaints. (Doc. No. 7-3, pp. 49-50; 7-8, pp. 124-128).

Plaintiff argues that the ALJ found Plaintiff's impairments non-severe in order to avoid considering them in Plaintiff's RFC analysis. The ALJ determined that Plaintiff's depression and PTSD did not constitute severe impairments at step three of the sequential evaluation.

However, the ALJ also factored Plaintiff's mental impairments into his formulation of Plaintiff's RFC, stating that he "accepts the testimony of Dr. Schacht who determined that the claimant did not have any mental functional limitations." (Doc. No. 7-3, p. 34). Both Plaintiff and Defendant in this case agree on the legal standard that "it is not reversible error where an ALJ does not consider whether an impairment is severe at step two of the sequential evaluation, provided the ALJ considers that impairment in subsequent steps." Tarpley v. Astrue, 2009 WL 1649774, at 2 (E.D.N.C. June 1, 2009). Consideration does not require favorable consideration. The ALJ determined in step three that Plaintiff's mental impairments were non-severe, and as a result, concluded that they caused little or no functional limitation which would impact the ALJ's analysis of Plaintiff's RFC. (Doc. No. 7-3, pp. 29-31).

Thus, Plaintiff's contention that the ALJ erred by finding that Plaintiff's Depression and PTSD were non-severe impairments, and by not considering their effects in the RFC, is without merit.

**2. The ALJ did not err in his evaluation of the medical opinions in this case.**

Plaintiff argues the ALJ erred by giving little weight to the opinion of Dr. Gowin. Dr. Gowin's opinion of Plaintiff's physical RFC concluded that Plaintiff was severely limited, including that Plaintiff could stand and sit for less than one hour each in a workday, and could engage in no postural movements such as bending and stooping. (Doc. No. 7-9, pp. 56-60). The ALJ discounted the opinion due to a lack of support, inconsistency with Dr. Gowin's treatment notes, and inconsistency with the rest of the record. (Doc. No. 7-3, pp. 29, 34-35).

Dr. Theron Blickenstaff, who testified as an expert medical witness, asserted that Plaintiff's objective medical indicators indicated the Plaintiff was limited to lifting no more than

35 pounds occasionally and 15 pounds frequently, no kneeling or crawling, and work in a clean but not sterile environment. (Doc. No. 7-3, p. 34). Plaintiff argues that the ALJ should not place great weight on Dr. Blickenstaff's opinion at the expense of Dr. Gowin's opinion. Plaintiff asserts the ALJ did not consider either Dr. Gowin's rheumatology specialty in his determination or Plaintiff's asserted fibromyalgia diagnosis.

The ALJ determined that Plaintiff's fibromyalgia was medically determinable and severe at step three. However, a diagnosis alone does not establish disabling functional limitations. See Gross v. Heckler, 785 F.2d 1163, 1165 (4th Cir. 1986) (finding that although the defendant was diagnosed with certain impairments, these impairments did not render the defendant disabled). The Seventh Circuit has recognized that many cases of fibromyalgia are not disabling. Sarchet v. Chater, 78 F.3d 305, 307 (7th Cir. 1996) ("Some people may have such a severe case of fibromyalgia as to be totally disabled from working . . . but most do not . . . .") (citation omitted). The ALJ's medical determination that Plaintiff suffers from fibromyalgia does not automatically create a functionally disabling condition. Dr. Gowin's assertions that Plaintiff is functionally disabled are based primarily on Plaintiff's self-reports, not clinical evidence. The ALJ considered all evidence on record. He noted Dr. Gowin's rheumatology specialty in his hearing testimony. (Doc. No. 7-3, pp. 29, 49).

Dr. Blickenstaff's opinion was consistent with the record, so the ALJ was free to assign great weight to his opinion. See Gordon, 725 F.2d at 235 (finding that the Secretary properly weighed the opinion of a non-examining physician because the opinion was consistent with the record). Dr. Gowin's opinion was not (1) well-supported by objective clinical evidence, and (2) inconsistent with other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). As

such, the ALJ justifiably discounted Dr. Gowin's opinion.

**3. Whether substantial evidence supports the ALJ's credibility finding.**

Plaintiff asserts the ALJ made a conclusory finding on Plaintiff's credibility which was not supported by objective evidence. ALJs are bound by the requirement that their decisions "contain specific reasons for the finding on credibility, supported by evidence in the case record." SSR 96-7p. The Court finds that the ALJ articulated specific reasons in support of his credibility finding regarding expert opinions in this case.

In his credibility analysis, the ALJ is to consider (1) testimony and other statements concerning pain or other subjective complaints; (2) a claimant's medical history and laboratory findings; (3) any objective medical evidence of pain; and (4) any other evidence relevant to the severity of the impairment. Craig, 76 F.3d at 595 (4th Cir. 1996).

The ALJ considered each of these factors in making his determination. Plaintiff testified that she was severely impaired to the point that she could not buy groceries or do any housework, get out of bed or bathe without help, do house or yard work, or even stand or sit for more than a few minutes without needing to change positions. (Doc. Nos. 7-3, pp. 33-34, 68-70; 7-7, pp. 7, 41, 53, 56).

Disability to the degree espoused by Plaintiff is inconsistent with the objective evidence on the record. The ALJ pointed to several instances of inconsistency, including: (1) Plaintiff was treated for poison ivy, indicating an active lifestyle (Doc. No. 7-3, p. 34; 7-8, p. 149); (2) Plaintiff failed to pursue treatment with Dr. Rhoton, despite his advice that surgery would improve her back pain (Doc. Nos. 7-3, p. 34; 7-8, pp. 29, 41); (3) Plaintiff only sought mental health treatment a week before the hearing (Doc. No. 7-3, p. 34; 7-9, pp. 80-84); (4) medical

treatment notes from consulting experts in this case did not contain objective evidence supporting Plaintiff's alleged physical symptoms (Doc. No. 7-3, p. 34); (5) Dr. Blickenstaff's medical opinion, which was based on objective evidence, was not consistent with Plaintiff's claims (Doc. No. 7-3, pp. 34, 45-47); (6) Plaintiff reported disabling mental impairments but said she could not see Ms. Walters very often for treatment (Doc. Nos. 7-3, p. 35; 7-9, p. 77); (7) objective mental exams and observations revealed Plaintiff had no disabling psychological limitations (Doc. Nos. 7-3, p. 35; 7-8, p. 127; 7-9, pp. 77-78, 82); and (8) despite claiming disabling mental problems, Plaintiff was able to care for a pet, visit daily with family, and sustain a long-term relationship with a significant other. (Doc. Nos. 7-3, p. 30; 7-7, pp. 23, 26; 7-8, p. 124).

Plaintiff disputes the implication that poison ivy treatment suggests outdoor activity, stating that it is possible that Plaintiff contacted poison ivy when she was walking to her car (Doc. Nos. 12, p. 16; 7-3, pp. 33-34). In reviewing the ALJ's determination, the court may only reverse the ALJ if substantial evidence does not support the ALJ's finding, not that some other interpretation is possible. Arkansas v. Oklahoma, 503 U.S. 91, 112-113 (1992); Gomis v. Holder, 571 F.3d 353, 360-61 (4th Cir. 2009). Here, substantial evidence supports the ALJ's finding.

Plaintiff argues that the ALJ overlooked two sessions with Dr. Rhoton in December 2008 and January 2009, indicating that she was more active in treatment than the ALJ determined (Doc. No. 7-8, pp. 58–61, 63-64). However, neither of these sessions influenced Plaintiff's decision not to pursue the recommended surgery or pain treatment. In addition, the mistake did not change the ALJ's analysis. Therefore, the Court finds that this mistake did not have an effect

on the ALJ's decision and deems this mistake harmless. See Shinseki v. Sanders, 556 U.S. 396, 408-09 (2009) (stating that an error is harmless unless prejudice resulted); Maloney v. Commissioner of Social Sec., 480 Fed. App'x 804, 810 (6th Cir. 2012) (stating that an error was harmless because no reasonable ALJ could have reached a different decision); Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (noting that an ALJ's error is harmless when it does not alter the "outcome of the case").

Plaintiff also argues that the ALJ was mistaken in his belief that she first sought specialized mental health treatment a week before the hearing. Plaintiff stated she began taken anti-depressants much earlier. (Doc. No. 12, p. 17). Dr. Gowin, the prescribing doctor, was a rheumatologist, not a mental health expert (Doc. No. 7-3, p. 29; 7-8, pp. 88-89). Dr. Schact testified that it was not clear if the anti-depressants Plaintiff used were for pain or depression (Doc. No. 7-3, p. 50). Accordingly, Plaintiff did not offer sufficient factual support for her claim to show that the ALJ's decision was not supported by substantial evidence and the ALJ's determination that Plaintiff did not seek specialized mental health benefits until the week of the hearing stands.

The ALJ's finding is supported by substantial evidence. The limitations Plaintiff describes are inconsistent with the objective evidence on record. Faced with this inconsistency, the ALJ drew a reasonable inference that Plaintiff's testimony was not fully reliable. Accordingly, the ALJ's final decision, and, accordingly, the Commissioner's decision that Plaintiff is not disabled is AFFIRMED.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED; that Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED; and the ALJ's's determination is AFFIRMED.

IT IS SO ORDERED.

Signed: August 13, 2013

Frank D. Whitney
Chief United States District Judge